Thank you, your honor. May it please the court. My name is Michael Thompson and I represent the defendant-appellant Armel Richardson in his appeal. Mr. Richardson appeals the sentence that was imposed by the district court because in imposing the sentence, the district court inherently relied upon unreliable, uncorroborated, hearsay information contained in a police report. The district court explicitly... Where is your authority for equating the list of things that are thought reliable and shepherd for purposes of the late lamented residual clause and the kinds of things that a district court can look at at the 3553A stage? Your honor, I mean, any defendant has the right to be sentenced based solely on reliable information. Right, but what's reliable? I mean, police reports are historical documents. Shepherd says for purposes of the modified categorical approach, they're a little too casual for that, but why isn't... The probation office looks into all sorts of things about people's backgrounds. A lot of it's hearsay. They talk to people who know other people. They talk to people who know the family. It seems to me the logic of your argument would eliminate the district court's ability to rely on the PSR at all. Well, first, your honor, I think it's important to note that the PSIR didn't conclude that these facts were true. It merely related that this is what the police report said happened, which I think is an important distinction. Yes, the district court can consider that, but what it did here is explicitly use that as a basis to give a sentence that it said it otherwise would not have. It's not like the district court started from a neutral position. It said, ordinarily, with these qualifying convictions, I would not impose this higher guideline. Well, so what he's doing, though, is he's saying, okay, you are a career offender. Yes. That's just a fact, you know, properly applying the guidelines. So then we move over to 3553, and we ask questions like, well, you know, does this career offender status overstate your dangerousness or the appropriateness of a higher sentence for you? And so it's in the sense of trying to adjust what is a correct guidelines determination, that you don't want the district court to look at evidence that winds up giving the guy a way lower sentence. He's not, the district court judge isn't in a position to say, well, I'm just not going to consider you a career offender at all. He goes way down from, and if he can't consider this evidence, why doesn't that actually hurt your client rather than help him? Then he just gets, you know, a bottom of the guideline range career offender sentence, and that's all there is to it. Well, Your Honor, it's important to note that the qualifying convictions, one of them was, I think, for about .2 grams. I know they were small amounts of money, but they do, you're conceding, they properly classify him as a career offender. Absolutely. And the district court considered that and said that because this is one of the qualifying convictions, and this is, on the record, this is what he was convicted for. Ordinarily, I would think that would be insufficient to give him the full enhanced guideline that he does technically qualify for under the career offender section. Right, so it goes way down. He does go below the guideline, but he essentially said that he would ordinarily, without those other convictions and without the information from the police report, he would ordinarily impose the non-career offender guideline, which was another 30 to 40 months below what he actually imposed. It would have been the 77 to 96-month guideline sentence, if he had not qualified as a career offender but had the same criminal history otherwise. And so to increase the sentence by approximately 50%, what the court did is look at information contained in the PSI that was gleaned from police reports about other offenses that occurred later that would not have qualified for career offender predicates, offenses that were for possession rather than distribution. And he looks at this information contained in these police reports and says, well, maybe it was only charged as possession, but I think we can conclude that it was probably actually distribution. And I don't think that can ever be reliably done based on just what's in a police report. Someone that's arrested and charged with a crime but not convicted for it should not be presumed to be guilty of a crime that he wasn't convicted for. I think that's common sense based on the Constitution. Well, it's the underlying conduct. It's not so much the question whether he was convicted of something. He's convicted of possession based on facts that might have supported a charge of more than that, maybe not, but the underlying facts are the underlying facts. Well, but we don't know what the facts are. We know that one officer concluded that that was the facts. We don't know how reliable that is. We don't know if that officer got it wrong. We don't know if he was biased against the defendant. We can't just say that because he wrote this down in the police report, those are the underlying facts. But that's what the district court did here. And in doing so, I think it made sort of an unfair situation that there was nothing Mr. Richardson can do to prove that's not what happened. This was from 10, 15 years before the sentencing occurred. And for one officer's conclusions about what he thinks, you know, or even I don't even know if he thought that. What he wrote down in a police report 10 years before shouldn't be relied upon to increase somebody's sentence by 50 percent when the court explicitly said that without those police reports, he would have given a much lower sentence. Yeah, I guess where I take issue with you is the increase by 50 percent as opposed to the decrease by 50 percent, which is what he's doing. Yes, the technical guideline would have been 151 to 188 months because of the career offender status. Right, and he pulls it down to 114. He does, but he basically explicitly said that he would have imposed the 77 to 96 range if not for those other later offenses that were not themselves predicates. He says that if it had just been the .2 gram conviction as the second offense, I would not give, I would not think the career offender status was appropriate at all. But what we need to do then is look at these other offenses, and we know from these police reports that they are, even though they were distribution. And Mr. Richardson never says that's, you know, I never touched whatever it was, the 25 grams. Mr. Richardson did not make any affirmative statements one way or another regarding this. So he never really calls this into question. I mean, it seems like additional proceedings could have been had. He could have called the police who wrote the report or he could have looked into it more. What he did is challenged the reliability of the police reports as he's doing now. So he should have a presumption that they're unreliable? Well, I would presume they're unreliable. Perhaps that would not be the correct policy, Your Honor. But, yeah, I think he has a right to be sentenced based on information that can be shown to be reliable. And the mere fact that something is included in a police report, I don't think is sufficient for that when he's objecting to the reliability. Okay. And with that, Your Honor, I'll reserve time for rebuttal. Fine. Ms. Murphy. Thank you, Your Honor. May it please the Court. Opposing counsel. Good afternoon. I'm Madeline Murphy, appearing on behalf of the United States and asking for this Court to affirm the District Court's sentence. You have a low and lovely voice. Would you move it closer to the microphone? Certainly, Your Honor. I'm asking that this Court affirm the District Court's sentence of the defendant because it did not abuse its discretion in relying on the summary of arrest information that was provided in the pre-sentence investigation report. There's no dispute here that the defendant was properly classified under the guidelines as a career offender and that his guidelines range was appropriately calculated. The defendant claims that the court incorrectly relied on the summaries of the police reports in the pre-sentence investigation report. However, the District Court is entitled to rely on the pre-sentence investigation report unless that information is contested, and the defendant did not contest that information. He did not file an objection to the pre-sentence investigation report. In his sentencing memorandum, he did not take issue with the facts as recited in the pre-sentence investigation report and indeed at sentencing where he made the argument that he really should not be sentenced pursuant to the career offender guideline because his criminal history was remote in time and occurred when he was a youth. He never took that opportunity to contest those facts then. The court asked a little earlier of my opponent what the defendant could have done. There are a variety of things he could have done at that point in the sentencing hearing. The defendant could have taken the stand himself to contest those facts, saying, for example, yes, I pled guilty to the 2005 possession charge, but the facts as stated in the pre-sentence investigation report aren't true. I didn't have a scale. I didn't have $7,500 in my pocket. He could have introduced perhaps a transcript from the guilty plea for that particular charge. There were a variety of things that he could have done and should have done if he wanted to contest this information. What he did essentially was say that the court should not find it credible because no underlying evidence has been presented. And the burden at this stage of the game, remember, after the guidelines have already been calculated, is for the defendant to contest what they feel to be inaccurate information in the pre-sentence investigation report. It is not the burden of the government to come forward with information. The government isn't required to come forward and have a mini-trial or provide evidence to underlie uncontested facts that have appeared in the pre-sentence investigation report. So the district court properly relied on the information in the pre-sentence investigation report in determining where in the guideline range, or in this case, below the guideline range, this particular defendant ought to be sentenced based on this particular defendant's history and characteristics, which should include his prior convictions and his prior criminal behavior. The district court did not err in considering that information in the pre-sentence investigation report. And even if it did, any error was harmless. This defendant received a sentence well below the applicable guidelines range, and he doesn't contest the applicable guidelines range. His sentence of 114 months is presumed reliable, given that it is below the applicable guidelines range. So unless the panel has any questions for me, I will ask that the court affirm the district court's sentence because it did not abuse its discretion in considering the information in the pre-sentence investigation report. Apparently not. Thank you. Thank you, Your Honor. Anything further, Mr. Thompson? Yes, Your Honor, briefly. I would say that as far as whether Mr. Richardson met his burden of contesting what was in the pre-sentence investigation report, I don't think that burden ever attaches here because all the PSI said was that this information came from the police report. This is what the police report said. Mr. Richardson doesn't object to that. That probably is what the police report said. He doesn't have any reason to believe that the police report said anything different, but neither does he have to accept that because it was in the police report, it was true. Well, doesn't he at least need to say, don't rely on any of the underlying information in this particular police report because I don't agree with any of it? Well, I think he did say essentially that, Your Honor. He said that the information about that other arrest or those other arrests is not reliable. The only information we have is from a police report that's uncorroborated. No, not reliable is one thing. For him just to say I didn't have the money or I didn't have the drugs is something more pointed. Well, Your Honor, I don't think he should be forced to take an affirmative position on something when he has a right to be sentenced based on reliable information and none was provided. But I don't understand that. Wasn't all this stuff in the pre-sentence report? The pre-sentence report indicated that the police report from this arrest says X. Yeah, but judges constantly rely on a pre-sentence report. Absolutely. It's prepared by the probation office, not by the police, and it's understood that it's not evidence in the traditional sense, but it's used routinely in sentencing. I agree, and there's no reason you can't use the information from the report, but all the report said was that somebody else's report indicated certain facts. Yes, but that's what they always say. I mean, look, look at the pre-sentence report. It has a lot of stuff about how old the defendant is and where he's born and all that stuff. That's not based on findings in some kind of adversary process. That's what the guy tells them when he was born, right? Absolutely, and if those facts have been wrong. And the judges are allowed to rely on this information in sentencing people. Of course. They don't have to determine the factual correctness of the underlying information. That's the probation department's. But they do when they're explicitly basing their sentence on that information, which is what the district court did here. Look, they base their sentences to a degree on pre-sentence reports and therefore on the information in the pre-sentence report. Yes. Now, the defendant can always challenge it and say, well, the report is inaccurate. But that doesn't mean that the information in the report has to be verified in every case. No, but it does when it meaningfully impacts what the sentencing decision is. No, because the pre-sentence report meaningfully affects the sentence. But not because every fact on which the judge might rely has been verified. Okay, but in this situation, I think the district court explicitly decided that a lower sentence would be appropriate if it hadn't relied on these enumerated facts and those facts were never presented in a reliable or corroborated manner. Look, what if the pre-sentence report contains the defendant's age and this judge said, well, you're a young person. I don't like to give heavy sentences to young people. Now, are you going to say, or you, the government, said, well, wait a second. Let's really make sure this is his age. Let's go to the Bureau of Vital Statistics to find out where he's born. That's not how the sentencing process works. If there was reason to doubt that age, I think that whatever party was negatively impacted by that would bring that up. Well, what was the reason to doubt the police report? Because it's just one man's opinion based on some investigation 10 years ago that didn't have any... But you could say that about almost everything that's in a pre-sentence report. It's someone's opinion. It hasn't been verified. It's not scientifically validated. It's just some piece of stuff that the probation service picked up. But in this case, the probation service didn't even pick it up. They merely reported that somebody else had, and I don't think that's enough. If you've ever read a pre-sentence report, you're going to find most of it is hearsay. It's not actually the direct knowledge of the probation officers. That's true. And in this case, I think that matters. Thank you. All right. Thank you, Mr. Thompson. Thanks to both counsel. We'll take the case under advisement.